UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HIBAH T. LEE,<br><br>                              Plaintiff,<br><br>          -against-<br><br>ORANGE COUNTY JAIL (ADMINISTRATION);<br>"JOHN DOE" ORANGE COUNTY FACILITY;<br>JOHN "DOE" ORANGE COUNTY SHERIFF<br>OFFICE,<br><br>                              Defendants. | <u>ORDER OF SERVICE</u><br><br>7:20-CV-5021 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently held in the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983 seeking damages. He sues: (1) the "Orange County Jail (Administration)," (2) "'John Doe' Orange County Facility," and (3) "'John 'Doe' Orange County Sheriff Office." The Court construes Plaintiff's complaint as asserting claims under § 1983 and under state law. By order dated August 20, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

For the reasons discussed below, the Court dismisses Plaintiff's claims against the "Orange County Jail (Administration)," and directs the Clerk of Court to add the County of Orange and Sergeant Dellapia as defendants. The Court directs service on the County of Orange and Sergeant Dellapia, and directs those defendants to comply with Local Civil Rule 33.2. The Court also directs the Orange County Attorney to provide to Plaintiff and the Court the identities (including badge numbers, if applicable) and service addresses of the unidentified "John Doe" defendants.

_____

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## ANALYSIS

A.    The "Orange County Jail (Administration)" and Sergeant Dellapia

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Under Rule 21, courts have substituted as defendants municipalities for their agencies. *See, e.g.*, *Andradez v. Orange Cnty. Sheriff's Office*, No. 7:20-CV-2050, 2020 WL 3618410, at *2-3 (S.D.N.Y. July 1, 2020) (dismissing the plaintiff's claims against the Orange County Sheriff's Office and the Orange County Jail, and substituting them with Orange County).

Also, under Rule 21, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff sues the "Orange County Jail (Administration)," which appears to be an agency and, therefore, an arm of the County of Orange. Thus, it cannot be sued. And Sergeant Dellapia, though he or she is not named as a defendant, is the only identified person mentioned in the complaint who was allegedly involved and present during the underlying events. (Doc. 1, at 3-4).

The Court therefore directs the Clerk of Court to dismiss Plaintiff's claims against the "Orange County Jail (Administration)," and to add the County of Orange and Sergeant Dellapia as defendants to this action. *See* Fed. R. Civ. P. 21. This amendment of the action's caption is without prejudice to any defenses the County of Orange or Sergeant Dellapia may wish to assert.

B.      Service on the County of Orange and Sergeant Dellapia

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the County of Orange and Sergeant Dellapia until the Court reviewed the complaint and ordered that summonses be issued for the County of Orange and Sergeant Dellapia. The Court therefore extends the time to serve the County of Orange and Sergeant Dellapia until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on the County of Orange and Sergeant Dellapia within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the County of Orange and Sergeant Dellapia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for the County of Orange and Sergeant Dellapia. The Clerk of Court is further instructed to issue summonses for the County of Orange and Sergeant Dellapia, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on the County of Orange and Sergeant Dellapia. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

C.      Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, the County of Orange and Sergeant Dellapia must serve responses to those standard discovery requests. In their responses, the County of Orange and Sergeant Dellapia must quote each request verbatim.[2]

D.      Unidentified "John Doe" Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Orange County Sheriff's Office to identify the unidentified "John Doe" defendants. Those defendants include the officials employed by Orange

---

[2] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

County Sheriff's Office who were responsible for placing Plaintiff in the Orange County Jail's solitary-confinement unit between April 27, 2020, and May 28, 2020, and again between June 4, 2020, and June 10, 2020. The Court therefore orders that the Orange County Attorney, who is the attorney for and agent of the Orange County Sherriff's Office, must ascertain the identities (including badge numbers, if applicable) of each "John Doe" defendant whom Plaintiff seeks to sue here and the address where each of those defendants may be served. The Orange County Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order (1) directing service on the newly identified defendants, and (2) directing the newly identified defendants to comply with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the "Orange County Jail (Administration)," and directs the Clerk of Court to add the County of Orange and Sergeant Dellapia as defendants in this action. *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to (1) issue summonses for the County of Orange and Sergeant Dellapia, (2) complete USM-285 forms with the service addresses for the County of Orange and Sergeant Dellapia, and (3) deliver all documents necessary to effect service on the County of Orange and Sergeant Dellapia to the U.S. Marshals Service.

The Court further directs the County of Orange and Sergeant Dellapia to comply with Local Civil Rule 33.2 within 120 days of the date of this order.

In addition, the Court directs the Clerk of Court to mail a copy of this order and the complaint to the Orange County Attorney at 255-275 Main Street, Goshen, New York 10924.

An amended civil rights complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:     New York, New York
           August 25, 2020

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      County of Orange
        Law Department
        255-275 Main Street
        Goshen, New York 10924

2.      Sergeant Dellapia
        Orange County Jail
        110 Wells Farm Road
        Goshen, New York 10924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                          State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State               Zip Code

Defendant 2:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State               Zip Code

Defendant 3:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State               Zip Code

Defendant 4:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State               Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| Dated | | Plaintiff's Signature |
|---|---|---|
| First Name | Middle Initial | Last Name |
| Prison Address | | |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: