UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIBAH T. LEE,

                        Plaintiff,

-against-

ORANGE COUNTY JAIL (ADMINISTRATION);
"JOHN DOE" ORANGE COUNTY FACILITY;
JOHN "DOE" ORANGE COUNTY SHERIFF
OFFICE,

                        Defendants.

**MEMORANDUM**
**OPINION AND ORDER**

20-CV-5021 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Hibah T. Lee ("Plaintiff"), a prisoner currently incarcerated at the Dutchess County Jail, who is proceeding *pro se* and *in forma pauperis*, brings claims under 42 U.S.C. § 1983 against the County of Orange, Sergeant Dellapia ("Sgt. Dellapia"), Lawrence Catletti, Eric Colby ("Colby"), Vincent Dichiaro, Keith Kiszka, Anthony Mele, James Potter, Jesse Weed, and Michael Zappolo (collectively, "Defendants") for violation of his substantive due process rights. (Doc. 15, "Am. Compl.").[1]

On November 17, 2020, Defendants filed a motion to dismiss (Docs. 19-21), which the Court denied without prejudice to re-filing in accordance with the Court's Individual Practices (Doc. 23). Following the exchange of letters required under the Court's rules, the Court granted Defendants leave to file a motion to dismiss and set a briefing schedule. (Doc. 31). On January 29, 2021, Defendants filed their motion to dismiss.[2] (Doc. 40; Doc. 42, "Def. Br."). On March

---

[1] Citations to the Amended Complaint correspond to the pagination generated by ECF.

[2] Although the Declaration of Anthony F. Cardoso submitted in support of Defendants' motion (Doc. 41) avers that the only served defendants at the time of filing were the County and Dellapia, the record indicates that at the time of filing, all Defendants had been served (Docs. 10, 11, 32-39). In any event, the motion was brought on behalf of all Defendants. (Doc. 41 at 1, n.1).

15, 2021, Defendants filed a reply affirmation in further support of their motion to dismiss. (Doc. 45). Plaintiff did not file any opposition to Defendants' motion to dismiss.[3]

For the reasons set forth below Defendants' motion to dismiss is GRANTED.

## **BACKGROUND**

Plaintiff alleges that while he was a pretrial detainee at the Orange County Correctional Facility (the "Facility"), another inmate verbally threatened him. (Am. Compl. at 2, 4). Plaintiff requested that he be placed in the Protective Custody Unit. (*Id*. at 4). Defendant Sgt. Dellapia advised Plaintiff that an inmate with whom Plaintiff had a "no contact" order was in the Protective Custody Unit; therefore, Defendants placed Plaintiff in the "solitary confinement" unit to maintain him in protective custody instead of general population. (*Id*.).

Plaintiff believed that he would only be in the "solitary confinement" unit for a few days, but the arrangement lasted thirty-one days. (*Id*.). Plaintiff also believed that he should have been placed in his own housing unit as the Facility was "only at half capacity." (*Id*.). On May 28, 2020, Plaintiff was placed in the Protective Custody Unit on a weekly rotation with the inmate with whom Plaintiff had a "no contact" order. (*Id*. at 7). The other inmate left the Protective Custody Unit on June 10, 2020, at which time Plaintiff was returned to that unit permanently.

---

[3] Plaintiff's brief in opposition to Defendants' motion was originally due March 1, 2021. (Doc. 31). The docket indicates that a copy of the Court's Order setting the briefing schedule was mailed to Plaintiff. (Dec. 28, 2020 Entry). On January 29, 2021, Defendants filed an affidavit of service indicating service of their moving papers on Plaintiff. (Doc. 43). On March 15, 2021, Defendants filed an affidavit of service on Plaintiff of counsel's reply affirmation. (Doc. 46). Plaintiff did not file opposition papers or request any extension of time within which to file his opposition. On March 31, 2021, the Court *sua sponte* extended Plaintiff's time to oppose the motion to April 30, 2021, warned Plaintiff that no further extensions would be granted, and cautioned that failure to file an opposition by April 30, 2021, would result in the motion being deemed fully submitted and unopposed (Doc. 47). The Court's March 31, 2021 Order was mailed to Plaintiff. (*See* Apr. 1, 2021 Entry). Thus, as is clear from the docket, Plaintiff was sent Defendants' moving papers and reply affirmation, as well as a Court Order, notifying him that Defendants had moved to dismiss his Amended Complaint. Accordingly, the Court deems the motion fully submitted and hereby adjudicates it.

(*Id*.). Plaintiff thus alleges he spent thirty-seven non-consecutive days in the "solitary confinement" unit during his requested protective custody. (*Id*.).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

I.   <u>Failure to State a Claim Under 42 U.S.C. § 1983</u>

Construing Plaintiff's pleading liberally, as the Court must, the Amended Complaint appears to raise a substantive due process violation pursuant to 42 U.S.C. § 1983. That law provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "[T]his language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021). As such, in each permutation of a claim under that law, "a plaintiff must demonstrate: '(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a state actor.'" *Town & Country Adult Living, Inc. v. Vill./Town of Mount Kisco*, No. 17-CV-08586, 2019 WL 1368560, at *17 (S.D.N.Y. Mar. 26, 2019) (quoting *Walker v. Clemson*, No. 11-CV-09623, 2012 WL 2335865, at *3 (S.D.N.Y. June 20, 2012)).

Pretrial detainee claims concerning unconstitutional conditions of confinement are analyzed under the Fourteenth Amendment's due process clause. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Dinkins v. New York*, No. 19-CV-08447, 2020 WL 5659554, at *8 (S.D.N.Y. Sept. 23, 2020). The due process clause does not permit prison officials to subject a pretrial detainee to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 537, n.16 (1979). Accordingly, courts must apply a two-part test when considering whether prison officials are impermissibly subjecting a detainee to punishment: "[F]irst, the court must determine if the condition is

5

specifically imposed for the purposes of punishment or for a legitimate governmental purpose, secondly, if evidence of punishment is lacking, this court must determine if the restriction is reasonably related to a legitimate objective or constitutes an exaggerated response. If a reasonable relationship can be established, punishment is not present and the Due Process clause is not violated." *United States v. Basciano*, 369 F. Supp. 2d 344, 350 (E.D.N.Y. 2005) (quoting *Boudin v. Thomas*, 533 F. Supp. 786, 788-89 (S.D.N.Y. 1982)) (alterations in original, internal quotation marks omitted).

Plaintiff does not allege that he was held in the "solitary confinement" unit for any disciplinary reason, but rather alleges that he was held there for *self-requested* protective custody motivated by his own safety concerns. (*See generally* Am. Compl.; *see also Cabral v. Strada*, 513 F. App'x 99, 101 (2d Cir. 2013). As no allegation has been made that the government's purpose in placing Plaintiff in "solitary confinement" was to punish him, the Court turns to the second part of the *Wolfish* test, and analyzes whether Plaintiff's placement in "solitary confinement" for thirty-seven days is reasonably related to a legitimate government objective. *Basciano*, 369 F. Supp. 2d at 351.

So long as the imposition of restrictive housing on detainees in response to safety concerns "[are] not excessive in relation to that purpose," prison officials are given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Cabral*, 513 F. App'x at 101 (citing *Wolfish*, 441 U.S. at 547). "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Plaintiff alleges that his protective custody request was complicated by a "no contact" order with an inmate who was also in the Protective Custody Unit. (Am. Compl. at 4,

6

7). Defendants did not keep Plaintiff in general population in light of this complication, but instead protected Plaintiff from other inmates by placing him in the "solitary confinement" unit, and later integrating him into the Protective Custody Unit full-time. (*Id*.).

The alleged thirty-seven non-consecutive days in the "solitary confinement" unit simply is not an "exaggerated response" to the safety concerns raised by Plaintiff. *Cabral*, 513 F. App'x at 101 (not an exaggerated response where detainees held in solitary confinement for eight months for their own protection and facility security). In any event, Plaintiff does not allege any deprivations allegedly suffered while in the "solitary confinement" unit, e.g., recreational time, telephone access, food, or any other specific item or activity. (*See generally* Am. Compl.). Under these circumstances, Plaintiff fails to state a due process claim as a matter of law and his Amended Complaint must, therefore, be dismissed.[4]

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss Plaintiff's Amended Complaint is GRANTED.[5] While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). For all the reasons described herein, the Court dismisses the Amended Complaint with prejudice as any amendment would be futile.

---

[4] To the extent that Plaintiff also seeks to vindicate unidentified state law claims, those claims are "subject to state procedural rules." *Russell v. Westchester Cmty. Coll.*, No. 16-CV-01712, 2017 WL 4326545, at *5 (S.D.N.Y. Sept. 27, 2017) (internal quotation marks omitted). New York State County Law § 52(1) and General Municipal Law § 50-e require the filing of a notice of claim as a condition precedent to commencing a tort action against New York municipalities, or any of their officers, agents, or employees. *Olsen v. Cty. of Nassau*, No. 05-CV-03623, 2008 WL 4838705, at *1 (E.D.N.Y. Nov. 4, 2008). Plaintiff does not allege any attempt to comply with the strictly construed notice of claim requirements. Thus, insofar as Plaintiff's pleading could be construed to raise a state law claim, any such claim must be dismissed.

[5] Given the conclusions reached herein, the Court need not and does not reach Defendants' alternate argument regarding qualified immunity. (*See* Def. Br. at 6-7).

7

The Clerk of Court is respectfully requested to terminate the motion (Doc. 40); mail a copy of this Memorandum Opinion and Order to Plaintiff; and to close this case.

SO ORDERED.

Dated:  White Plains, New York
        August 2, 2021

                                      Philip M. Halpern
                                      United States District Judge